IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LACEBARK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-746-D |
| | ) | |
| SAKATA SEED AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Sakata Seed America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 20], filed pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff Lacebark, Inc. has timely opposed the Motion, which is fully briefed and at issue.

Plaintiff is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma. Defendant is a California corporation with its principal place of business in Morgan Hill, California. Plaintiff brings this action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, based on U.S. Registration No. 2,273,918 of the trademark, DYNAMITE, for use regarding live flowering plants, including crape myrtles. Plaintiff invokes subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1338(a) (trademark enforcement). Plaintiff alleges in support of personal jurisdiction that Defendant conducts business and has caused damages to Plaintiff in Oklahoma, in that "Defendant sells seeds for flowering plants including pansies and pansy seeds in the U.S. using the trademark DYNAMITE." *See* Compl. [Doc. No. 1], ¶¶ 5, 12.

Defendant seeks dismissal for lack of personal jurisdiction based on affidavits and arguments presented to show that it has no connection to Oklahoma: it has no physical presence here; it directs no advertising or sales activity at Oklahoma; it is not registered to do business here and pays no state

taxes; it has no employees, officers, or directors here; it has not specifically targeted Oklahoma residents; it has a website for its products but does not conduct online sales to customers in Oklahoma; it sells flower seeds through independent distributors, none of which is located in Oklahoma; it has no distributor agreements to sell specifically to Oklahoma customers; and it has not sold or shipped the allegedly infringing products to Oklahoma. Defendant asserts that it sold or shipped only vegetable seeds and Portulaca cuttings to two Oklahoma businesses during fiscal years 2010, 2011, and 2012, in an amount representing less than one percent of its total sales.

Plaintiff has responded by presenting evidence to show the existence of specific personal jurisdiction under a "stream of commerce" theory.[1] Plaintiff also contends a trademark infringement action is analogous to a tort action for which personal jurisdiction exists "in the state in which injury occurs." *See* Pl.'s Resp. Br. [Doc. No. 27] at 5. Plaintiff relies on a number of "jurisdictional facts," which may be briefly summarized as follows:[2] a) Defendant operates worldwide and sells flowering plants (pansies) using the mark DYNAMITE; b) Defendant sells its allegedly infringing products to distributors and brokers located throughout the United States, North America, and other continents; c) the distributors sell Defendant's products to growers who in turn sell them to retail garden centers; d) one distributor located in Illinois, Ball Horticultural, sells Defendant's allegedly infringing products to Oklahoma garden centers; e) the allegedly infringing products may be purchased in retail garden centers in Oklahoma; f) Defendant advertises the allegedly infringing

---

[1] The genesis of this theory is the Supreme Court's statement in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980): "The forum State does not exceed its powers . . . if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."

[2] The Court includes only facts that are admitted by Defendant or supported by the materials submitted with Plaintiff's response brief.

products in a periodical received in Oklahoma; and g) an internet website provides information regarding Defendant and its distributors, and a means for customers to login and purchase products. *See id*. at 1-3. Plaintiff argues Defendant is subject to jurisdiction in Oklahoma because it "has placed Infringing Product into an established distribution channel with a termination point of Oklahoma." *Id*. at 14. As an alternative to finding a sufficient factual basis for personal jurisdiction, Plaintiff requests an opportunity to conduct limited jurisdictional discovery.

In reply, Defendant disputes Plaintiff's allegations concerning Defendant's marketing and sales activities. Defendant maintains that it does not sell or ship any of the allegedly infringing products – DYNAMITE pansy seed or flowering pansies – to Oklahoma.

**A. Standard of Decision**

Plaintiff bears the burden of establishing personal jurisdiction. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000). If a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of affidavits and written materials, Plaintiff need only make a prima facie showing that personal jurisdiction exists. *Benton*, 375 F.3d at 1074; *Intercon*, 205 F.3d at 1247; *see also Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). The Court must accept uncontroverted factual allegations as true and must resolve all factual disputes in Plaintiff's favor. *Bartile Roofs*, 618 F.3d at 1159; *Rusakiewicz*, 556 F.3d at 1100; *Benton*, 375 F.3d at 1074-75; *Intercon*, 205 F.3d at 1247.

To establish personal jurisdiction of a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Bartile Roofs*, 618 F.3d at 1159

(internal quotation omitted); *Benton*, 375 F.3d at 1075 (same). Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *Intercon*, 205 F.3d at 1247. The familiar due process standard requires "minimum contacts" between the defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247.

A plaintiff may satisfy the "minimum contacts" standard by establishing specific jurisdiction,[3] which exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 472) (emphasis added in *Kuenzle*); *see Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008); *Benton*, 375 F.3d at 1075-76; *Intercon*, 205 F.3d at 1247. Purposeful conduct generally requires affirmative acts by the nonresident defendant that create a substantial connection to the state, and not simply unilateral activity of others. *See Dudnikov*, 514 F.3d at 1073-74; *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd*., 385 F.3d 1291, 1296 (10th Cir. 2004); *Benton*, 375 F.3d at 1078.

**B. Analysis**

In *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987), the Supreme Court issued a plurality opinion in which the Court was evenly divided on the issue of whether the "stream of

---

[3] There is no asserted basis in this case for general personal jurisdiction, which requires "continuous and systematic" contacts between a defendant and the forum state. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004); *Benton*, 375 F.3d at 1080.

commerce" theory requires "additional conduct" of the defendant "purposefully directed toward the forum State" or whether the "mere act of placing the product into the stream" is sufficient. *See id*. at 112 (O'Connor, J.), 117 (Brennan, J.). This issue remains unresolved by the Supreme Court and federal circuit courts are not in agreement. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) (plurality opinion). Defendant asserts that the jurisdictional analysis in this case must follow Tenth Circuit law. Plaintiff does not disagree with this assertion, but presents argument supported by citations of cases from the Seventh, Eighth and Federal Circuits, and lower federal courts.[4] The Tenth Circuit has not announced a clear position with regard to the additional conduct requirement, recently choosing to consider whether either view of *Asahi* had been satisfied. *See Monge v. RG Petro-Machinery (Group) Co.*, 701 F.3d 598, 619-20 (10th Cir. 2012). However, the Tenth Circuit has examined personal jurisdiction in cases involving alleged infringements of intellectual property rights and analogous claims, and these opinions provide guidance to this Court in resolving the jurisdictional issue presented.[5]

In *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008), the Tenth Circuit considered a declaratory judgment action in which internet retailers sought a determination

---

[4] Plaintiffs rely heavily on a prior ruling of this Court in a patent infringement case. *See Advanced Card Tech., Inc. v. Harvard Label Inc.*, Case No. CIV-07-1269-D, 2008 WL 4534117, Order (W.D. Okla. Oct. 6, 2008). In that case, however, the parties agreed that the analysis should be guided by precedents of the Federal Circuit, which would review any judgment that was entered. *See id*. Order of Feb. 21, 2008 (not available on Westlaw), at 5.

[5] In the Seventh and Eighth Circuit opinions on which Plaintiff relies, the courts looked for guidance to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), which was a defamation action based on an article published in the *National Enquirer*. *See Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*, 34 F.3d 410, 412 (7th Cir. 1994); *Dakota Indus., Inc. v. Dakota Sportswear, Inc*., 946 F.2d 1384, 1390-91 (8th Cir. 1991). In the Federal Circuit case cited by Plaintiff, the court agreed with precedents of the Seventh and Eighth Circuits. *See Beverly Hills Fan Co. v. Royal Sovereign Corp*., 21 F.3d 1558, 1567 (Fed. Cir. 1994). The Tenth Circuit has similarly looked to *Calder* for guidance in its opinions, discussed below. Thus, to the extent federal appellate courts have applied *Calder* differently, this Court is bound by the Tenth Circuit's interpretation.

that certain products they offered for sale on eBay did not infringe copyrighted works. The court of appeals was asked to decide whether the retailers could bring suit in their home state of Colorado against the American agent of the British copyright holder, located in Connecticut. Recognizing that the Supreme Court's jurisdictional analysis for tort cases might not provide the only means "to satisfy the purposeful direction test," the Tenth Circuit utilized *Calder v. Jones*, 465 U.S. 783 (1984), to guide its decision. *See Dudnikov*, 514 F.3d at 1071. From *Calder*, the court of appeals distilled three salient factors to support an exercise of jurisdiction: "(a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state . . . ." *Id*. at 1072. These factors were found to be present in *Dudnikov* because the defendant intentionally invoked a process available through eBay to block further sales of the retailers' products and otherwise prevented the retailers from making further sales of any products from their business in Colorado, knowing their injury would occur in Colorado.

In this case, Plaintiff has not presented sufficient facts to satisfy the *Calder* test as articulated in *Dudnikov*. Plaintiff argues that Defendant has a distribution channel that permits nationwide sales of its products and the allegedly infringing products are sold by retailers in Oklahoma.[6] The Tenth Circuit has not held that simply placing a product into a stream of commerce that ends in a forum state is sufficient, by itself, to permit suit within the state. Even under the broadest reading of *Asahi*, Plaintiff must show Defendant "'is aware that the final product is being marketed in the forum State.'" *See Monge*, 701 F.3d at 619 (quoting *Asahi*, 480 U.S. at 117 (Brennan, J., concurring)). Further, Plaintiff's reliance on facts regarding Defendant's website are insufficient; Plaintiff has

[6] It is unclear how Defendant's direct sales of other, non-infringing products to Oklahoma residents supports a finding of specific jurisdiction for Plaintiff's trademark infringement action in this forum.

shown only that the website may permit communications and sales to occur within Oklahoma. The Tenth Circuit has held that in the context of internet activity, personal jurisdiction cannot be based simply on access to a website by residents of the forum state. Instead, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). There are no facts to provide such indications here.

**C. Jurisdictional Discovery**

Because Plaintiff's showing fails to establish specific jurisdiction, the Court must consider its alternate request to conduct jurisdictional discovery. Defendant urges the Court to deny the request as "vague." *See* Def.'s Reply Br. [Doc. No. 28] at 5. The Tenth Circuit has held, however, "that 'a refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant' and that '[p]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189-90 (10th Cir. 2010) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)) (internal quotation omitted; alterations in *Breakthrough*). Under the circumstances, the Court finds that Plaintiff should be allowed to conduct discovery designed to provide sufficient facts to show personal jurisdiction over Defendant for this action in Oklahoma.

IT IS THEREFORE ORDERED that the Court defers a ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 20] pending an opportunity for Plaintiff to conduct limited jurisdictional discovery as set forth herein, and to supplement its response brief.

Plaintiff is directed to complete such discovery and file a supplemental brief within 60 days from the date of this Order.[7] Defendant may respond to any supplemental filing within 14 days thereafter.

IT IS SO ORDERED this 16th day of January, 2013.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

[7] This direction is not intended to preclude Plaintiff from filing a voluntary dismissal or a motion to transfer venue, should Plaintiff conclude that continued opposition to Defendant's Motion is unwarranted.